IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES LEE BROWN, ET AL.                                                                PLAINTIFFS

v.                                            No. 4:05CV01076 GH

JANICE MARIE LEE, ET AL.                                                              DEFENDANTS

### ORDER

On August 5th, Delphi Automotive Systems and General Motors removed this case from the Pulaski County Circuit Court due to the July 8th amendment by the plaintiffs to the complaint seeking to maintain the suit as a class action. These defendants assert diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") by that class action amendment permitting removal at that time.

Plaintiffs filed a motion to remand on September 1st on the ground that CAFA does not apply to this action which was originally filed in state court on January 28, 2004, before CAFA's effective date of February 18, 2005.

On September 27th, General Motors filed a response in opposition to remand which Delphi adopted that same date. These defendants assert that as the amended complaint filed on July 8th alleged class claims for the first time, the class action commenced on that date and does not relate back to the original complaint and so CAFA applies. They cite cases from other jurisdictions in support of their position.

By order filed on September 29th, the Court granted plaintiffs' motion to amend his brief to add the September 23rd opinion filed in Weekly v. Guidant Corporation, 1:05CV00064 JLH, which dealt with the same issue of when a case is commenced for purposes of CAFA. On October 3rd, plaintiff again moved to amend referencing three opinions from the Western District of Arkansas on the issue of commencement of an action and CAFA removal finding that a case is commenced under CAFA when it was originally filed in state court.

On October 5th, plaintiffs filed a reply distinguishing the cases relied upon by these defendants and discussing the Weekly opinion.

General Motors filed a supplemental response on October 10th that the three Western District cases referenced by plaintiffs only dealt with when a case was commenced under CAFA and not the situation here when class allegations are added for the first time after CAFA's effective date constituting commencement of a new suit for CAFA removal purposes. They continue that the Weekly decision is contrary to the great weight of authority allowing removal under CAFA when the amended complaint transforms an individual claim about an automobile accident until a putative nationwide class action involving over a million plaintiffs under 50 different laws and so does not relate back.

The Court has carefully considered the parties' arguments and finds that Judge Holmes' analysis in Weekly is correct. Pertinent excerpts of that reasoning follow:

> Section 9 of the Class Action Fairness Act is about as clear and simple as a statute can be; it says that the Act "shall apply to any civil action commenced on or after the date of enactment of this act." Rule 3 of the Arkansas Rules of Civil Procedure, like Rule 3 of the Federal Rules of Civil Procedure, provides that an action is commenced by filing a complaint. [Footnote omitted.] Because Weekly filed her complaint before February 18, 2005, the Class Action Fairness Act does not apply to this civil action.

> When Congress said in §9 of the Class Action Fairness Act that the Act would apply to "any civil action commenced" before February 18, 2005, it used clear, unambiguous, familiar legal terms. .... A civil action, viewed as the whole case, the whole proceedings, can only be commenced once. .... Pleadings may be amended, but amending pleadings does not commence a civil action.
>
> ****
>
> Had Congress intended that the Class Action Fairness Act apply to civil actions that were commenced before February 18, 2005, but did not become removable under the Act until after February 18, 2005. it would have been easy to add language to that effect in §9. .... It is not within the province of this Court to read into the statute a provision that Congress chose not to include. ....
>
> Defendants earnestly argue that the amendment to the complaint does not relate back to the original complaint, and, conversely, plaintiff earnestly argues that it does. Whether it does or does not is irrelevant. Congress did not say that the Class Action Fairness Act would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable, unless the amendment related back to the initial complaint, which is what the statute would need to say for the discussion of whether the amendment relates back to become relevant.
>
> ****
>
> If class certification is granted, the scope of the litigation will then be greatly expanded. However, Congress rejected a proposal to authorize removal for actions certified a class actions after the date of enactment. .... Congress could have made the Act applicable to civil actions in which a class action certification motion is filed after the date of enactment or to civil actions in which the class certification order is entered after the date of enactment, but ti did not. Congress made the Act applicable to any civil action commenced after February 18, 2005. Congress did not make the Act applicable to any civil action commenced before that date. This civil action was commenced before that date. Therefore, the Class Action Fairness Act does not apply to it. The issue here is one of statutory construction. The statute is unambiguous.

As in <u>Weekly</u>, this case was commenced in state court on January 28, 2004, before the CAFA effective date of February 18, 2005. Thus, this action is not governed by CAFA and so removal by defendants on the basis of CAFA is not permitted.

Accordingly, plaintiffs' October 3rd motion (#89) to amend their brief is granted. Plaintiffs' September 1st motion (#64) to remand the case to the Pulaski County Circuit Court is granted.

IT IS SO ORDERED this 21st day of October, 2005.

                                                                          */s/ George Howard, Jr.*
                                                                  UNITED STATES DISTRICT JUDGE